UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAIRO A. MARTINEZ, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:23-CV-254-JD-JEM |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Jairo A. Martinez, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254. (ECF 1.) He moves for leave to proceed in forma pauperis. (ECF 2.) Because it appears he cannot pay the filing fee, the motion (ECF 2) is granted.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must conduct a preliminary review of the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" According to the petition, Mr. Martinez pleaded guilty to dealing in cocaine in Elkhart County under Case Number 20D03-1205-FA-22. (ECF 1 at 1.) In November 2013, the court sentenced him to 45 years in prison, with 10 years suspended. (*Id.*) He did not pursue a direct appeal or post-conviction relief. (*Id.* at 1-2.)

Mr. Martinez tendered his federal petition for mailing on March 24, 2023. (ECF 1 at 13.) The petition is somewhat difficult to follow, but the court discerns the following claims: (1) "there are no instruments to show due process," because the "judge, prosecutor, and clerk have not followed the court rules"; (2) the "judge, prosecutor, and

clerk of court violate[d] [their] 'Oath of Office'"; (3) he was "denied proof of jurisdiction from the officers of the court"; and (4) he is entitled to "immediate release from the restraints on his liberty" under Indiana Code 34-25.5-1-1.[1] (ECF 1 at 3-4.)

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Under 28 U.S.C. § 2244(d)(1)(A), Mr. Martinez's conviction became final when the time for pursuing a direct appeal with the Indiana Court of Appeals expired in December 2013. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners

---

[1] It is not evident that the petition contains any cognizable federal claim, but assuming it does, the timeliness problem explained herein precludes consideration of the merits.

2

who do not complete all levels of state review, judgment becomes final when the time for filing seeking review expires); *see also* IND. R. APP. P. 9(A) (appeal to Indiana Court of Appeals must be filed within 30 days of the entry of judgment by the trial court). The federal clock began running, and he had one year from that date to file a timely federal petition. He did not do so and instead waited almost a decade to pursue federal habeas relief.

He does not assert, nor is it apparent from the petition, that any claim involves a newly recognized constitutional right made retroactive by the Supreme Court, or that some state-created impediment stood in the way of his filing a timely federal petition. As to claim two---the "oath of office" claim---he asserts generally that this claim is based on "new and discovered evidence" without explaining what the evidence is or when he discovered it.[2] (ECF 1 at 3.) When asked to elaborate on why his petition is timely under the provisions of 28 U.S.C. § 2244(d), he states as follows:

> The Congress has declared that dangers posed by international terrorism far outweigh any posed by overpopulation or pollution. Despite opposition by a mixture of strange bedfellows the Act became Public Law 104-132 on April 24th, punctuated by the one-year commemoration of the Oklahoma City bombing. And to have the prosecutor produce all evidence of the case.

(ECF 1 at 5.) This statement does not address the timeliness issue or explain why he waited nearly a decade after his conviction became final to pursue federal habeas relief. Nor does it provide reasonable grounds to believe that claim two is based on newly

---

[2] He attaches to the petition a number of oaths of office administered to prosecutors, judges, and others between 2008 and 2015, but it is not evident when he obtained them or how they relate to a federal claim. (*See* ECF 1-1 at 2-22.)

3

discovered evidence, or that he exercised due diligence in pursuing this claim after discovering some type of new evidence. Therefore, the petition is untimely and must be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant or deny Mr. Martinez a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As explained above, Mr. Martinez's petition is significantly untimely, precluding habeas relief. The court finds no basis to conclude that reasonable jurists would debate the correctness of this ruling. Therefore, he will not be granted a certificate of appealability.

For these reasons, the court:

(1) GRANTS the petitioner's motion for leave to proceed in forma pauperis (ECF 2) and WAIVES the filing fee;

(2) DISMISSES the petition (ECF 1) as untimely pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(3) DENIES the petitioner a certificate of appealability; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on April 3, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT